

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 7, 1961

Honorable Jesse James
State Treasurer
Treasury Department
Austin, Texas

Opinion No. WW-1189

Re: Various questions rela-
tive to the construction
of Article 3272a, V.C.S.
(The Escheat Law) rela-
tive to proceeds from
oil and gas runs, the ow-
ners being unknown, and
the proceeds not being
held in Texas.

Dear Mr. James:

This refers to your letter of October 16, 1961, presen-
ting certain questions relative to House Bill No. 5, Acts 57th
Leg., 1st C. S., 1961, Ch. 21, p. 25, part of which is codified
in Vernon's Civil Statutes as Article 3272a.

We quote from your request, written in the third person,
as though you were the holder of the property in question.

> "We, X Company, hold in suspense proceeds
> from oil and gas runs from various properties
> where the owner or owners of such properties are
> unknown or the whereabouts of such owners are
> unknown. The accounting records relative to
> these suspense accounts and all funds accrued
> thereto are kept and maintained in Tulsa, Okla-
> homa, as to all properties, generally speaking,
> lying East of the Rocky Mountains. As to all
> properties, generally speaking, lying West of
> the Rocky Mountains, these funds and records
> are kept and maintained in Los Angeles, Califor-
> nia. At no time have these records or funds
> been kept and maintained in the State of Texas.
> With this as a background, a number of questions
> have occurred to us relative to interpretation
> of House Bill No. 5. These questions are as
> follows, to wit:

> 1. Section 1(b) of Article 3272a pro-
> vides in part that the term 'personal proper-
> ty' includes ' . . . production and proceeds

from oil, gas and other mineral estates . . . whether held within this State, or without the State for a person or beneficiary whose last known residence was in this State.' Our specific questions relative to this section are as follows:

a. In view of the fact that we hold all funds attributable to suspense items in either Tulsa, Oklahoma, or Los Angeles, California, we assume that the words 'whether held in this State' have no application to us and that the words 'without the State for a person or beneficiary whose last known residence was in this State' are the pertinent words of the statute which would extend coverage to this company. Are we correct?

b. We further assume that we will be concerned only with suspense items where the last known residence of an owner is shown on our records to be in the State of Texas and that we will not be concerned with suspense items where the last known residence of an owner is shown on our records to be in a State other than Texas. Are we correct?

c. As to this company, does this act apply to proceeds from production of oil and gas properties located both within and outside of the State of Texas or does the act apply solely to proceeds from production of oil and gas properties located within the State of Texas?"

Our construction of Article 3272a in Attorney General's Opinion No. WW-1180 (1961) is determinative of the foregoing questions. There it was held, in part, that under Article 3272a reports by holders of personal property to the State Treasurer are to include: (1) certain personal property held within this State, regardless of the last known address of the person or beneficiary for whom the property is held, and that held without the State for a person or beneficiary whose last known address was in this State; (2) mineral proceeds from counties outside of Texas as well as counties within this State.

Accordingly, questions 1.a and 1.b are answered in the affirmative and the answer to question 1.c is that the situs of the property from which mineral proceeds are produced is not

a factor upon which the application of the act is made to depend.

From your request we extract again:

"2. Section 1(c) of Article 3272a provides as follows:

'(c) The term 'subject to escheat' shall include personal property presumed to be subject to escheat by the prima facie conclusions contained in Article 3272, including all personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years and (3) on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years.

Our questions relative to this section are as follows:

a. As to this company, does this section cover suspense items for which we do not know the name of the owner or for which we have no last address or last place of residence of the owner?

b. Does this section impose upon the holder of personal property subject to escheat, an affirmative duty to check the records of the county where the property is located in order to determine whether any taxes have been paid on the property during the past seven (7) years?

c. Does this section impose upon the holder of personal property subject to escheat, an affirmative duty to check the records of the county where the property is located in order to determine whether a will has been recorded or probated within the last seven (7) years?

d. If this section imposes an affirmative

Honorable Jesse James, page 4 (WW-1189)

> duty to check the county records either as
> to payment of taxes or probating of a will,
> is this duty to check the records in the
> county where the personal property ( in
> this case, money or proceeds from oil and
> gas runs) is located (in this instance,
> the location being either Tulsa, Oklahoma,
> or Los Angeles, California) or is the duty
> to check the records in the county where
> the real estate from which the oil and gas
> was produced is located?"

We turn our attention to question 2.a above, consider-
ing first the portion of the question relating to the situa-
tion where the out-of-state holder does not know the last place
of residence of the owner of the property. Clearly, Article
3272a does not apply to the out-of-state holder who does not
know the state in which the owner of the property last resi-
ded. This is not because of Section 1(c), but due to Section
1(b), defining "personal property". In our aforesaid Attor-
ney General's Opinion, it was demonstrated that the obligation
on the out-of-state holder to make the report required by Ar-
ticle 3272a arises only where the property is held "for a per-
son or beneficiary whose last known residence was in this State."
Obviously, if the holder does not have any information as to
the residence of the owner and is thereby precluded from know-
ing whether the owner's residence was in Texas, he is under
no duty to report the property.

In answering the part of question 2.a which deals with
the situation where the holder does not know the name of the
owner, we look to Section 1(c), defining the term "subject to
escheat", and more particularly, to the requirement thereof
that the property be personal property ". / . on which no will
of the last known owner has been recorded or probated in the
county where the property is situated within the past seven
(7) years."

The issue here is whether the Legislature intended in
Article 3272a to provide for the escheat of personal property
where the name of the owner is unknown to the holder. It might
be argued from the portion of Section 1(c) quoted above that
the Legislature contemplated only the escheat of personal pro-
perty where there is a "last known owner". But, the quoted
language is but a part of the statute and it is cardinal rule
of statutory construction that a statute must be construed as

a whole, all of its parts being harmonized, if possible, so as to give effect to the evident intention of the Legislature. 39 Tex.Jur. 209, Statutes, Sec. 113.

Therefore, we take note of the emergency clause of House Bill No. 5, which states in part:

"The fact that the present laws providing for the protection of abandoned property, the location of unknown owners and missing heirs . . . are inadequate . . creates an emergency. . . ." (Emphasis supplied)

We observe also that Section 2 of the statute provides in part:

"Form of Report"

"Sec. 2. The report shall . . . include the following:

(a) The name, if known, and last known address, if any, of each person appearing from the records of the holder to be the owner of the property reported; or the name and address, if known, of any person who may be entitled to such property . . ." (Emphasis supplied)

Section 4(b) of the statute, relating to the judicial determination of escheat after reports have been made and administrative notices given, provides in part:

"The Attorney General shall immediately institute an action . . . to judicially determine that such property has escheated to the State." ". . . the sworn petition shall state . . . the names of the person or persons claiming or last known to have claimed, such property, if any such names are known .." (Emphasis supplied)

From the foregoing it seems clear to us that the Legislature intended in Article 3272a to provide a method for the escheat of certain abandoned personal property, regardless of

whether the name of a person who has owned the property is known to the holder. The one class of property is as subject to the "loss and dissipation" referred to in the emergency clause of the act as the other. The one is also as subject to abandonment as the other. And, in any event, the plain language of the act in the sections quoted above expressly recognizes that the statute deals with property for which there may be no known owner.

Therefore, construing the subject portion of Section 1(c) so as to be in harmony with the manifest purpose of the statute, it is to be viewed as reading: "(3) on which no will of the last known owner, if any, has been recorded or probated in the county where the property is situated within the past seven (7) years." In other words, this portion of Section 1(c) means that if there is a last known owner of the property, according to the information of the holder, the property must, in order to be subject to escheat, be personal property on which no will of such owner has been recorded or probated in the county where the property is situated within the past seven (7) years. If otherwise, there is no such requirement.

Question 2.b is answered in the negative. The subject statute neither expressly nor by implication imposes such duty on the holder. The plain language of Section 1(c) of Article 3272a requires the holder to look to its own knowledge and records in determining whether any claim or act of ownership has been asserted or exercised during the seven year period. The well-known rule of expressio unius applies. That is, the expression of one thing in a statute is exclusive of another. 39 Tex.Jur. 188, Statutes, Sec. 100.

Question 2.c is answered in the negative. Standing alone, the third condition stated in Section 1(c) of the statute might be susceptable to the construction that it confers on the holder the affirmative duty of ascertaining from the relevant county records whether the property is personal property "on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years." However, we must again examine the remainder of the statute to determine if such a construction is consistent with the legislative purpose in light of all of the language employed in the statute.

Section 2(f) of the statute requires the holder to verify his report to the State Treasurer in the following language:

"The foregoing report contains a full and complete list of all personal property held by the undersigned for which, from the knowledge and records of the undersigned, it appears that the existence and whereabouts of the owner are unknown and have been unknown for more than seven (7) years and on which no claim or act of ownership has been asserted or exercised during the past seven (7) years and on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years." (Emphasis supplied)

Thus, it is seen that, in essence, all the holder has to swear to at the conclusion of the report is that he has reported all of the property held by the holder which appears from his knowledge and records to meet the three requirements of Section 1(c). Would it be reasonable to assume that the Legislature intended in Section 1(c) to place an affirmative duty on the holder to search county records to see if a certain condition exists when the Legislature has in the same statute required the holder to verify only that he has reported property which appears from his knowledge and records to meet the stated condition? We think not.

It is a well settled rule of statutory interpretation that a construction which will make a statute unreasonable, absurd or ridiculous will not be adopted if the language of the enactment is capable of any other meaning. 39 Tex.Jur. 222, Statutes, Sec. 118.

Also, the imposition on the holder of the duty to search county records to ascertain if a will of the last known owner has been recorded or probated places a considerable burden on the holder, and especially so in the case where many separate items are involved. Unless required by unambiguous language, a construction that will render an act arbitrary or oppressive is to be avoided. 39 Tex.Jur. 221, Statutes, Sec. 117.

It is, accordingly, our conclusion that the under-lined words in the following quotation of Section 1(c) modify all that appears thereafter in such section.

"(c) The term 'subject to escheat' shall include personal property presumed to be subject to escheat by the prima facie conclusions contained in Article 3272, including all personal property (1) of which the existence and whereabouts of the owner are unknown and have been unknown to the holder for more than seven (7) years and (2) on which, from the knowledge and records of the holder it appears that no claim or act of ownership has been asserted or exercised during the past seven (7) years and (3) on which no will of the last known owner has been recorded or probated in the county where the property is situated within the past seven (7) years."

In view of our answer to question 2.c it becomes unnecessary to consider question 2.d.

We advert again to your request;

"Section 2(c) of Article 3272a reads as follows:

'(c) In the case of mineral proceeds, a list of all credits grouped as to the counties from which the credited proceeds were derived, including credits which have theretofore been charged off or disposed of in any manner except by payment to the owner thereof; giving the name and last known address of the owner; the fractional mineral interest of the owner; description and location of the land or lease from which the oil, gas, or mineral was produced; the name of the person, firm or corporation who operated the oil or gas well or mine; the period of time during which such proceeds accumulated and the price for which such oil, gas, or other mineral was sold, each such

several ownerships to be given an identifying
number. The nature and identifying number,
if any, or description of the property, and
the amount appearing from the records to be
due, except that items of value under Ten
Dollars ($10) each may be reported in aggre-
gate;.

The last portion of this section begin-
ning with the words 'the nature and identi-
fying number' and closing with the words 're-
ported in aggregate' does not seem to be com-
plete and reasonably understandable down to
that point. Can you clarify the meaning of
the last phrase for us?"

Taken in context, it appears that the final phrase
in Section 2 (c) applies to the situation where the total
amount of mineral proceeds for any one owner is less than
Ten Dollars ($10) in value. In such case the report may
group the information relative to such property together
with other such items for other owners under one identi-
fying number, statement of nature, and general description.

Your question number 4 follows:

"Section 2(d) of Article 3272a provides
that the report shall show 'the date when the
property became payable . . . ' What does this
section mean as applied to proceeds from oil
and gas production where the accrued funds ac-
cumulate from month to month over a period of
seven years?"

We have hitherto held that this Section requires a
report of the total amount of money received for minerals
sold for each owner listed in the report. Attorney Gener-
al's Opinion WW-1180 (1961). Consistent with that con-
struction, we are of the opinion that the subject provision
is satisfied by a statement as to the date at which the to-
tal amount of the mineral proceeds credited to the owner be-
came payable, although the sundry credits which comprise the
total became payable at various times prior thereto.

Your request, in conclusion, sets forth numerous
fact situations to which we are requested to apply our above

rulings. However, these fact situations are no more than a restatement of what has already been considered in the foregoing questions. Hence, it becomes unnecessary to proceed further in order to answer your request.

## SUMMARY

Under Article 3272a, V.C.S.: (1) it is the phrase "without the state for a person or beneficiary whose last known residence was in this State" in Section 1.b which extends coverage of the statute to out of state holders of personal property subject to escheat; (2) an out of state holder is not required to report property where the records of the holder show that the last known address of the holder is in a state other than Texas; (3) the situs of the property from which mineral proceeds are produced is not a factor in determining the applicability of the statute; (4) the out of state holder who does not know of any residence of the owner of the property is not required to report such property; (5) Section 1.c does not place an affirmative duty on the holder to check the records where the property is located to determine whether any taxes have been paid on the property during the past seven years; (6) Section 1.c does not place on the holder an affirmative duty to check the records of the county where the property is located in order to determine whether a will has been recorded or probated within the past seven years; (7) the fact that the holder does not know the name of any owner of the property does not prevent the property from being "subject to escheat" under Section 1.c; (8) the final phrase or sentence in Section 2.c applies to the situation where the total amount of mineral proceeds for any one owner is less than Ten Dollars in value; and (9) the phrase "the date when the property became payable" in Section 2.d means the date when the total

amount reported for one owner became paya-
ble, although various components of the to-
tal became payable at various times prior
thereto.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Henry G. Braswell
Henry G. Braswell
Assistant

HGB/rd

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Vernon Teofan
Gordon Cass
Morgan Nesbitt
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.